**Lavor C. SPARKS, Petitioner— Appellant,**

v.

**James SCHOMIG; et al., Respondents— Appellees.**

No. 05–15126.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 14, 2006.

Lavor C. Sparks, Indian Springs, NV, pro se.

Jason M. Frierson, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: HAWKINS, MCKEOWN and PAEZ, Circuit Judges.

## MEMORANDUM **

Nevada state prisoner Lavor C. Sparks appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his conviction for first-degree murder with use of a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Sparks contends that there was insufficient evidence to support his conviction because there was no testimony that he explicitly stated that he intended to kill the victim, and because the circumstances lead to an inference that he intended to warn the victim rather than harm him. We agree with the state court that there was sufficient evidence to support the conviction for first-degree murder. *See Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Sparks further contends that the jury instructions on malice and on premeditation were unconstitutional. We conclude that any error in the jury instructions did not render the proceedings fundamentally unfair and thus did not violate Sparks's right to due process. *See Estelle v. McGuire,* 502 U.S. 62, 71–73, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Accordingly, we conclude that the state court's decision was not contrary to or an unreasonable application of clearly estab-

---

lished federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

